Arthur J. Grimm and Gladys J. Grimm v. Commissioner.
Grimm v. Commissioner
Docket No. 2779-69 SC.
United States Tax Court
T.C. Memo 1970-123; 1970 Tax Ct. Memo LEXIS 237; 29 T.C.M. (CCH) 530; T.C.M. (RIA) 70123; May 25, 1970, Filed *237 Carl R. Ruebelman, for the petitioners. Charles S. Stroad, for the respondent. WHITHEY Memorandum Findings of Fact and Opinion WITHEY, Judge: Deficiencies in the income tax of petitioners for the taxable years 1965 and 1966 have been determined by the Commissioner in the respective amounts of $253.03 and $423.79. The only issue presented is whether respondent has erred in disallowing an amortization deduction relating to an insurance list inherited by petitioner Arthur J. Grimm. Findings of Fact The stipulated facts are found as agreed by stipulation. Petitioners are husband and wife whose residence at the time the petition herein was filed was Royal Oak, Michigan. They filed their Federal income tax returns for the taxable years 1965 and 1966 with the district director of internal revenue at Detroit, Michigan, and in 1967, filed an amended return for the year 1965. The occupation of petitioner Arthur J. Grimm is school youth counselor and part-time insurance broker. The petitioner Gladys J. Grimm is a housewife. Petitioners keep their books on a cash method of accounting. On April 3, 1965, Charles O. Grimm of Waterford, Michigan, the father of petitioner *238 Arthur J. Grimm, died testate. During his life, the deceased had operated a fire and automobile insurance business from 531 his home at Waterford, Michigan. The business was operated as a sole proprietorship and was known as Charles O. Grimm, Insurance Agency, and was in existence from 1942 to 1965. Petitioner received the Charles O. Grimm Insurance Agency, valued at $9,000, from his father's estate. The assets of the Charles O. Grimm Insurance Agency consisted of $1,282.92 cash, office furniture appraised at $500.92, and insurance expiration lists. For 10 years prior to his death, Charles O. Grimm had been in failing health and had not solicited any new insurance business. The insurance expiration lists received by the petitioner contained the name of the insured, length of the policy, the amount of the premium, the expiration date, and the insurance carrier. Petitioner was "relicensed" in his own name as an agent by the individual insurance companies that had carried the policies on the Charles O. Grimm Insurance Agency. Petitioner used the insurance expiration list acquired from his father's estate to renew approximately 90 percent of the insurance policies issued *239 by his father's agency. A portion of those policies renewed by petitioner was subsequently renewed by him again. Ultimate Findings The insurance expiration list acquired by petitioner Arthur J. Grimm from his father's estate contains an element of good will. The insurance expiration list had an indefinite useful and valuable life. Opinion On brief, petitioner says, "It is indisputable that a deduction for amortization of an intangible which is in the nature of good will is not permitted." His contention here is that the insurance list which he inherited from his father, unlike the usual insurance list, does not carry with it an aspect of goodwill and that it is therefore an amortizable intangible asset with a determinable life. The issue is therefore one of fact only. Petitioner argues that because his father, prior to his death, had not for a period of 10 years made any effort to obtain insurance business, the insurance list of his existing policyholders lacked any goodwill character. We do not think that conclusion follows from his premise. We have therefore found as a fact that petitioner's insurance list does include an element of goodwill and is not amortizable. *240 Goodwill is that characteristic of a business which would motivate a customer to return to a business establishment or to patronize a business originally. D.K. MacDonald, 3 T.C. 720; and Theo. Planz, Inc., 10 B.T.A. 1158. Here we find nothing in the facts which would cause an existing customer or policyholder to go elsewhere for renewal of his policy or for the original purchaser of a policy to avoid the Grimm Insurance Agency. This is the reverse of the situation where, by his affirmative conduct, a businessman deliberately alienates existing and prospective customers and thereby obliterates any goodwill he may have theretofore generated as was the fact in a memorandum opinion of this Court relied on by petitioner. Decision will be entered for the respondent.